UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFEREY L. ROBINSON,

    Petitioner,

v.                                                CASE NO:  8:10-CV-2912-T-30TGW

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondent(s).
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, (hereinafter referred to as "Petitioner" or "Robinson"), brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #7) and Petitioner's reply (Dkt. #9). Having reviewed the pleadings, and being advised in the premises, the Court concludes that the petition must be denied because it is untimely and procedurally barred.

**Procedural Background**

The State describes, and Robinson does not refute, the background of this case as follows:

> On September 9, 2002, Petitioner entered a guilty plea to the charges of Lewd and Lascivious Act on a Child, a second degree felony, and Child Abuse (Inpregnation), a third degree felony. (Exh. 001, R. 42-53). Petitioner was sentenced to Seven (7) years of sex offender probation on, Count One, and Five (5) years sex offender probation on Count Two, to run concurrently.

(Exh. 001, R. 42-53).  Petitioner did not take a direct appeal of his convictions and sentences.

On February 7, 2003, Petitioner's probation was modified based on a violation of the conditions of release. (Exh. 001, R. 64). On November 20, 2006, Petitioner admitted to violating the conditions of his probation and Petitioner was sentenced to Six (6) months of Community Control and Seven (7) years of sex offender probation on Count One and Five (5) years sex offender probation on Count Two, to run concurrently. (Exh. 001, R. 75-87).

On January 17, 2008, Petitioner's community control and probation were revoked based on a violation of the conditions of his release by testing positive for cocaine. (Exh. 001, R. 91-94).  Petitioner was sentenced to 178.5 months Florida State Prison on Count One to run concurrently with 60 months in Florida State Prison on Count Two. (Exh. 001, R. 99-108).

On February 2, 2008, Petitioner filed a pro se Notice of Appeal. (Exh. 001, R. 109).  On August 5, 2008, Petitioner filed his Initial Brief and raised the following issues for review:

ISSUE ONE

> WHETHER APPELLANT MAY APPEAL HIS ADMISSION OF A VIOLATION OF PROBATION PURSUANT TO *ROBINSON V. STATE*, 373 So. 2d 898 (Fla. 1979) AND *CONNERS V. STATE*, 376 So. 2d 59 (Fla. 2nd DCA 1979)?

ISSUE TWO

> WHETHER THE SENTENCE OF 178.3 MONTHS IS A LEGAL SENTENCE PURSUANT TO THE VIOLATION OF PROBATION FOR A SECOND DEGREE FELONY AND A THIRD DEGREE FELONY?

(Exh. 002)

The Second District Court of Appeal per curiam affirmed the Petitioner's convictions and sentence in case # 2D08-0811 on August 21, 2009; *Robinson v. State*, 16 So. 3d 139 (Fla. 2d DCA 2009)(Table Opinion)(Exhibit 004)(Mandate issued September 17, 2009)(Exhibit 005).

The Petitioner filed a Motion for Post-Conviction relief pursuant to Rule 3.850 in the trial court on August 9, 2009. (Exhibit 006, R. 1-13). Petitioner's Motion for Post-Conviction Relief was addressed solely to the validity of his 2002 convictions and sentences, to which he entered guilty pleas and in which a direct appeal was not taken. The trial court denied relief and found the motion for post-conviction relief was time barred as Petitioner's convictions and sentences for his 2002 offenses became final on or about October 9, 2002, approximately thirty (30) days after Petitioner was convicted and sentenced pursuant to his guilty plea. (Exh. 006, R. 015-017). Petitioner's motion for post-conviction relief was subject to the two (2) year time limitation under Florida Rule 3.850. Petitioner's two year period to file began on October 9, 2002 and expired on October 9, 2004. Petitioner filed his motion on August 9, 2009, which was well beyond the time limitation and was properly denied by the trial court as procedurally barred. (Exh. 006, R. 017). On May 17, 2010, the trial court denied Petitioner's motion for post-conviction relief. (Exh. 006, R. 017).

On June 16, 2010, Petitioner's filed a Notice of Appeal from the denial of his motion for post-conviction relief which was assigned case# 2D10-3186. Petitioner did not file a brief on direct appeal. On November 3, 2010, the Second District Court of Appeal per curiam affirmed the trial court's denial of post-conviction relief. (Exh. 010). Petitioner filed a motion for rehearing on November 15, 2010. (Exh. 011). The motion for rehearing was denied on December 2, 2010 and the Mandate issued on December 21, 2010. (Exh. 012).

**Standard of Review**

Petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the end of direct review. 28 U.S.C. § 2244(d)(1). The one year is tolled for any period in which a properly filed application for state post-conviction relief or other collateral review with respect to the pertinent judgment is pending. 28 U.S.C. § 2244(d)(2). "[A] properly and timely filed petition in state court only tolls the time remaining within the federal limitation period." *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), cert. denied, 534 U.S. 1144 (2002). That is, to toll the one year federal statute of limitations, a state motion for

post-conviction relief must be both properly and timely filed in state court. And the state motion must be filed before the one year federal period expires. Once the federal one year statute has run, there is no more time remaining to be tolled.

Claims that are held by a state court to be procedurally barred are procedurally barred here. *Harris v. Reed*, 49 U.S. 255 (1989). The procedural bar can only be avoided upon showing either cause or prejudice, or by establishing that a fundamental miscarriage of justice resulted in conviction of an innocent defendant. See Wainwright v. Sykes, 433 U.S. 72, 97 (1977); Murray v. Carrier, 477 U.S. 478, 496 (1986). To show prejudice, he must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis*, 941 F.2d 1471, 1480 (11th Cir. 1991). Petitioner must also show that he exhausted what he claims excuses his procedural default in state court, to the extent it constitutes an independent constitutional claim. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (where ineffective assistance of counsel is alleged as cause to excuse a procedural default, the claim of ineffectiveness must be presented to the state courts as an independent claim). Without proffering specific facts which support a finding that one of these exceptions to the procedural default rule exists, a federal court should not even discuss the merits of a claim that has been procedurally defaulted in state court. *Knight v. Dugger*, 50 F.3d 1539, 1543 (11th Cir. 1995).

**Discussion**

All of Petitioner's claims relate to his guilty plea and sentence entered on September 9, 2002. Petitioner did not file a direct appeal and therefore his direct review ended October 9, 2002. At that point, his one year period within which to file a federal habeas corpus petition began to run. It ended October 8, 2003.

Robinson did not file any other pleadings in the trial court until after he entered a guilty plea on January 17, 2008, to violations of his probationary sentences from his 2002 convictions. In Florida, a post-conviction motion must be filed within two years after the judgment and sentence became final. Fla.R.Crim.P. 3.850. Since the state motion for post-conviction relief was filed more than five years after his 2002 sentence became final, the state court ruled that it was untimely and procedurally barred. That ruling was upheld on appeal. *Robinson v. State*, 16 So.3d 139 (Fla. 2d DCA 2009) [table opinion].

Robinson filed his petition with this Court on December 27, 2010, more than seven years after his one year federal limitations period had elapsed. The petition is therefore untimely and must be dismissed for that reason alone. And, because it was held procedurally barred in state court, is also procedurally barred here. *Harris v. Reed*, 489 U.S. 255 (1989).

Robinson attempts to avoid the procedural bar by arguing that he meets both the cause and actual prejudice, and "miscarriage of justice" and "actual innocence" exceptions. He says, in pertinent part:

> Petitioner had indicated within his Rule 3.850 Motion that (a) the negotiated plea of guilty was invalid and void as a matter of law, since the alleged offense charged had expired prior to time of his arrest and prosecution; (b) the trial

> court was without jurisdiction to accept any plea because of the divesture of jurisdiction by the expiration of the statute of limitations; (c) the plea was involuntary, incompetent, and not intelligently entered as a proximate result of being denied effective assistance of counsel; and (d) exception to limitations was appropriate, since his plea, conviction, and sentence were not authorized and, thus, constituted a "manifest injustice" not to allow the factual and legal claims to be heard and considered on their merits.
>
> * * *
>
> Petitioner is well aware that a time limitation rule in state and federal courts can be excepted under the "miscarriage of justice" and "actual innocence" of the crime(s) bottoming the conviction(s) and sentence(s). *Sumrell v. Mississippi*, 607 F. Supp. 2d 748, 752-754, 762 (N.D. Miss. 2009).

Petitioner's reply, pp. 1-3. But Robinson fails to meet either exception.

In the *Murray* case, the U. S. Supreme Court discussed each of these exceptions. *Murray v. Carrier*, 477 U.S. 478 (1986). To show cause for his failure to timely file for post-conviction relief in state court, Robinson must show some objective factor external to his defense that impeded his, or his counsel's, efforts to comply with Florida's procedural rule. He fails to show any external factor that caused his delay. He does assert an ineffective assistance of counsel claim but not one that caused him to miss his state filing deadline. And if a delay does relate to an ineffective assistance claim, a petitioner must present that claim as an independent claim to the state court before he can bring it here. *Murray*, 477 U.S. at 489. He has not done that either.

Where a habeas petitioner has not shown cause for procedural default, a federal court may entertain the petition in an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent. *Murray*, 477 U.S. at

496. "Actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998). Robinson does not claim to be factually innocent. To the contrary, he pled guilty. His claims are about legal sufficiency. He argues he is "innocent" because the statute of limitations had expired.[1]

### Conclusion

Robinson's petition in this Court is untimely pursuant to 28 U.S.C. § 2244(d) and must be dismissed. Also, it is procedurally barred because the highest state court considering his claim explicitly ruled that it was procedurally barred there, and he does not meet any exception to that bar.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as untimely and procedurally barred.

2. The Clerk is directed to terminate any pending motions, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 29, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*S:\Even\2010\10-cv-2912.deny 2254.wpd*

---

[1] Robinson does not explain why the statute of limitations allegedly expired. And this Court will not explore the record to divine some basis for this claim because, in the end, it does not matter. It is a legal sufficiency claim, not one of factual innocence.